## AMOS MARCH *v.* THE STATE.

THREATS — EVIDENCE. — Appellant was convicted of seriously threatening to kill one T. in an altercation between them. The witnesses concurred in testifying that the threat was uttered while the accused was punching T. with his gun, and that nothing prevented him from then shooting T. if he had wished to do so; that he made no attempt to shoot, and had been since living in the same neighborhood with T., and without molesting him. *Held,* that the evidence does not sustain the conviction.

APPEAL from the District Court of Rusk.   Tried below before the Hon. A. J. BOOTY.

The appellant and Tarleton had met to go hunting, each having his gun.   Appellant asked Tarleton why he had been talking about him ; to which the latter replied that he had done him no injustice.   Appellant then gave Tarleton the d—d lie, and, upon the latter returning that compliment, punched him with the muzzle of his gun, and said he would "shoot his d—d brains out and pay the lawyer." This was all that transpired.   Appellant made no attempt to shoot, and no one interfered.   Tarleton's gun was not in his hands or reach at the moment of the collision.

*James H. Jones,* for the appellant.

*George McCormick,* Assistant Attorney General, for the State.

WINKLER, J.   The appellant was indicted for seriously threatening to take the life of one Ogins Tarleton, in Rusk County, on May 7, 1877.   On August 9, 1877, a trial was had, which resulted in a verdict of guilty, the jury assessing the punishment of the accused at confinement in the penitentiary for a period of one year; and judgment was entered agreeably to the verdict.

A motion for a new trial was made, on the ground that the verdict was contrary to the evidence and not supported by the evidence, which was overruled, and the ruling of the court on the motion is assigned as error.

From a careful examination of the evidence as set out in the transcript, we are of opinion the jury were not warranted in finding that the alleged threat was seriously made. It clearly appears that, at the time the threat was made, the accused was in a condition to have put his threat into execution if he had so desired, and that it was not then attempted, nor did any one interfere to prevent it; and, further, that, from the time the threat is alleged to have been made until the time of the trial, the parties had lived in the same neighborhood, and the accused had made no attempt to injure the threatened party.

From all the evidence before us we are forced to the conclusion that the threat made, as set out in the indictment, was but a rash and inconsiderate expression, provoked by an angry altercation in which the parties were at the time engaged. . *Haynie* v. *The State*, 2 Texas Ct. App. 168.

Because of error in the court below, in overruling the motion for a new trial, the judgment is reversed and the cause remanded.

*Reversed and remanded.*